# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**GENEVIEVE CONTICELLO,**

      **Plaintiff,**

                          **CASE NO.: 8:15-cv-01879-EAK-AAS**

v

**CIRCLE K STORES, INC., a Foreign
Profit Corporation,**

      **Defendant.**

_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Plaintiff, Genevieve Conticello, and Defendant, Circle K Stores, Inc., (collectively, the "Parties"), by and through their undersigned counsel, jointly move the Court to approve the FLSA settlement reached by the Parties and dismiss this case with prejudice. As grounds, the Parties jointly state:

1. On August 13, 2015, Plaintiff filed a two-count Complaint alleging Defendant required Plaintiff to work "off the clock" without pay and retaliated against her in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq*.

2. Defendant denies the allegations in the Complaint and has affirmative defenses under the FLSA, including that Plaintiff was properly paid and that Defendant terminated Plaintiff for legitimate, non-retaliatory reasons.

3. Without admitting liability, to avoid the risks and costs associated with further litigation and trial, the Parties negotiated a settlement of this matter after engaging in extensive discovery and negotiations, subject to a fairness review and approval by the Court.

4. Plaintiff will receive a total settlement payment of $2,000.00, with $950.00 designated as payment for Plaintiff's disputed unpaid wage claim, $950.00 designated as payment for Plaintiff's disputed liquidated damages claim, and $100.00 designated to resolve Plaintiff's claim for FLSA retaliation in exchange for a general release. The proposed settlement agreement and general release is attached as Exhibit A.

5. The Parties jointly confirm that they had a bona fide dispute under the FLSA. Defendant asserted, and continues to assert, that it had reasonable grounds to believe it was in compliance with the FLSA at all times, acted in good faith and not in willful violation of the FLSA, and had a legitimate, non-retaliatory reason for terminating Plaintiff's employment.

6. The total settlement amount reflects a reasonable compromise of the disputed amount of alleged unpaid wages and liquidated damages claimed by Plaintiff, as well as Plaintiff's claim for retaliation.

7. The Parties engaged in independent discussions to identify the maximum amount that Plaintiff could be entitled to on her lost wages claim if she prevailed. After that discussion, the Parties engaged in independent discussions to resolve Plaintiff's claim for attorneys' fee and costs for Plaintiff's counsel, agreeing to a total amount of $3,000.00 for attorneys' fees and costs. The Parties agree that this amount reflects a reasonable fee payment to Plaintiff's attorney in terms of hourly rate and work performed, given the nature of this action and the desire of the Parties to fully resolve all issues at this time.

8. All Parties have been represented by counsel throughout the litigation.

9. After reviewing Defendant's business information and information provided by Plaintiff, Plaintiff is satisfied that the amount she will receive represents a reasonable compromise of FLSA claims.

10. Counsel for Plaintiff represents that in his opinion the probability of Plaintiff's success on the merits was by no means certain, and that Plaintiff faced the risk of losing her claim on the merits, or having her claim substantially reduced.

11. Counsel for Plaintiff represents that after reviewing Defendant's available affirmative defenses and business information, it is his opinion that the amount offered by Defendant represents a reasonable compromise of the claim based upon the likelihood of success on the merits, and the risks and uncertainties of litigation.

12. Counsel for the Parties' represent that the settlement entered into by the Parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter.

13. Counsel for the Parties, in their respective opinions, concur that the settlement is fair and reasonable under the circumstances and should be approved by the Court.

## MEMORANDUM OF LAW

**A.     Standard of Review**

Pursuant to the case law of this Circuit, judicial review and approval of a tentative FLSA settlement is necessary to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in *Lynn*: "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them….The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable the Court should consider the following factors:

> (1) the existence of fraud or collusion behind the settlement:
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed
> (4) the probability of Plaintiff's success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton,* 2007 U.S. Dist. LEXIS at * 2-3. "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1227 (M.D. Fla. 2009). Where the plaintiff's attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without

separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Id*. at 1228.

      **B.**    **All of the Relevant Criteria Support Final Approval of the Settlement**

Plaintiff acknowledges that this settlement provides for payment of wages allegedly due during the FLSA's three-year limitation period, plus an equal amount representing liquidated damages. Plaintiff's claims for back wages were limited to the period of time from October 10, 2014 to January 23, 2015. (*See* Plaintiff's Answers to Court Interrogatories, Dkt. 6). Courts have found no fraud or collusion where both parties were represented by counsel and the amounts to be paid to the Plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006).

Here, each party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion. These facts further support that the settlement terms were reached with arms-length negotiations. *See Khait v. Whirlpool Corp.,* 2010 U.S. Dist. LEXIS 4067, * 15 (E.D.N.Y Jan. 20, 2010); *Quintanilla v. A & R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449 * 11 (S.D. Tex. May 7, 2008).

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendant continue to disagree over the merits of the claims and defenses asserted. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow the Parties to reach a fair and reasonable resolution of this matter. Both parties engaged in written discovery. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Finally, the Parties resolved Plaintiff's claim for fees and costs separately from Plaintiff's FLSA claim and the amount of the payment is reasonable for the legal work performed. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

In the instant action, Defendant's payment of $3,000.00 for Plaintiff's attorneys' fees and costs provides for the resolution of all attorneys' fees and costs owed to Plaintiff's counsel. The Parties agreed on the amount of fees and costs to be paid to Plaintiff's counsel after a discussion regarding the amount of total amount of back wages to which Plaintiff *could* be entitled to if she prevailed (which Defendant disputed she would be able to do). Based upon the foregoing, the payment to Plaintiff's counsel for her attorneys' fees and costs constitutes a fair and reasonable compromise of same.

Based upon the foregoing, the Parties respectfully request the Court approve the attached, executed, settlement and dismiss this case with prejudice.

**WHEREFORE**, Plaintiff, Genevieve Conticello, and Defendant, Circle K Stores, Inc., respectfully request that this Honorable Court enter an Order:  (i) GRANTING this Motion; (ii) APPROVING the attached settlement of the claim under the Fair Labor Standards Act and; (iii) DISMISSING this action with prejudice.

**DATED** July 28, 2016.

| | |
|---|---|
| **s/ Richard Celler** | **s/ William E. Grob** |
| Richard Celler, Esquire | William E. Grob, Esquire |
| Florida Bar No.: 0173370 | Florida Bar Number 0463124 |
| Celler Legal, P.A. | E-mail:  william.grob@ogletreedeakins.com |
| 7450 Griffin Road | Gretchen M. Lehman, Esquire |
| Suite 230 | Florida Bar Number 046365 |
| Davie, Florida 33314 | E-mail: gretchen.lehman@ogletreedeakins.com |
| Telephone:  (866) 344-9243 | OGLETREE, DEAKINS, NASH, SMOAK & |
| Facsimile:   (954) 337-2771 | STEWART, P.C. |
| Email: Richard@floridaovertimelawyer.com | 100 North Tampa Street, Suite 3600 |
| *Counsel for Plaintiff* | Tampa, Florida 33602 |
| | Telephone: 813.289.1247 |
| | Facsimile: 813.289.6530 |
| | *Counsel for Defendant* |

25592365.1